UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60994-CIV-DAMIAN

JOSE FRANCISCO ALVARADO-GADEA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court on Petitioner, Jose Francisco Alvarado-Gadea's ("Petitioner"), Petition for a Writ of Habeas Corpus ("Petition") [ECF No. 1], filed on April 8, 2026.

THE COURT has reviewed the Petition and the record in this case and is otherwise fully advised. Petitioner asserts a due process challenge to his arrest and detention by immigration officials alleging, in relevant part, that his continued custody is unlawful, arbitrary, and contrary to the United State Constitution. Petitioner requests release from immigration detention with or without a bond. *See generally* Pet.

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *see also Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). Upon entertaining a § 2241 habeas corpus petition, a

court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ[] or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED** as follows:

1. Respondents are directed to **SHOW CAUSE** why the Petition [ECF No. 1] should not be granted and Petitioner ordered to be released. This Court finds good cause to extend the deadline for a Response beyond the three days set forth in the statute. Accordingly, on or before **April 17, 2026**, Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (requiring that a response to an order to show cause "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

2. Counsel for Respondents shall immediately, in writing, notify the Court of receipt of this Order and the name of the attorney(s) to whom the case is assigned.

3. Counsel for Respondents is instructed to caption the response a "Response" and not a "Motion to Dismiss."

4.  Petitioner may, but is not required to, file a reply within **five (5) days** after Respondents file their response. Any such reply shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

   **DONE AND ORDERED** in Chambers in the Southern District of Florida this 10th day of April, 2026.

MELISSA DAMIAN
**UNITED STATES DISTRICT JUDGE**